# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

TARA MARIE MORROW,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

No. C06-0174-LRR
No. CR05-0014-LRR

ORDER

    This matter comes before the court on Tara Marie Morrow's motion to vacate, set aside or correct sentence (Docket No. 3). Tara Marie Morrow ("the movant") filed her motion pursuant to 28 U.S.C. § 2255.[1] For the following reasons, the movant's 28 U.S.C. § 2255 motion shall be denied.[2] In addition, a certificate of appealability shall be denied.

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

[2] No response from the government is required because the motion and file make clear that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Similarly, an evidentiary hearing is not necessary. *See id.*; *see also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating that district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating that district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

## I. BACKGROUND

On March 23, 2005, the grand jury returned and the government filed a superceding indictment against the movant. On May 2, 2005, the movant notified the court that she intended to plead guilty. On May 31, 2005, the movant appeared before Chief Magistrate Judge John A. Jarvey for a change of plea hearing. At such hearing, the movant pleaded guilty to count one of the superceding indictment.[3] On the same date, Chief Magistrate Judge John A. Jarvey entered a report and recommendation that a United States District Court Judge accept the movant's plea of guilty. On June 1, 2005, the court entered an order adopting the report and recommendation pertaining to the movant's guilty plea. On December 5, 2005, the court sentenced the movant to 240 months imprisonment and 10 years supervised release.[4] The court also dismissed count seven of the superceding indictment. On December 6, 2005, judgment entered against the movant. The movant never filed a direct appeal.

On December 4, 2006, the movant filed the instant motion. In her 28 U.S.C. § 2255 motion, the movant challenges her conviction and resulting sentence based on alleged violations of the United States Constitution. Specifically, the movant claims that she was improperly sentenced to a mandatory 240 months and counsel provided ineffective assistance. The movant submitted a brief in support of her motion.

The court now turns to consider the movant's 28 U.S.C. § 2255 motion.

## II. ANALYSIS

### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

---

[3] The conduct charged in count one of the superceding indictment is in violation of 21 U.S.C. § 846 and 21 U.S.C. § 851.

[4] The PSIR that the court relied upon acknowledged that the Iowa District Court in and for Linn County imposed deferred judgments on each count and placed movant on probation until March 21, 2006. It also stated that the movant was on probation when she was involved in the crack cocaine conspiracy and that a probation revocation hearing was scheduled in November of 2005.

2

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, movants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A [movant] who has procedurally defaulted a claim by failing to raise it on direct review

may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [movant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a movant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[5]

### B. Standards Applicable to Ineffective Assistance of Counsel Claims

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const., amend. VI. Furthermore, there is a constitutional right to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 393-95, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 356-57, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In

---

[5] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

4

*Strickland*, the United States Supreme Court explained that a violation of that right has two components:

> First, [a movant] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [movant] by the Sixth Amendment. Second, [a movant] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [movant] of a fair trial, a trial whose result is reliable.

*Id.* at 687; *see also Williams v. Taylor*, 529 U.S. 362, 390, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim [need not] address both components of the inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

To establish unreasonably deficient performance, a movant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *Id.*; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in

5

a representative capacity) (citing *Strickland*, 466 U.S. at 694). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for [a movant] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693. Rather, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. In other words, "the question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." *Id*. at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id*.

### C. The Movant's Claim

In her motion, the movant essentially argues that counsel provided ineffective assistance because counsel failed to challenge the assertion that she committed the offense after having been convicted of a felony drug offense. The movant states that 21 U.S.C. § 841(b)(1)(A) applies only if the charged conduct occurs after a prior conviction for a felony drug offense has become final, and she believes that her felony drug offense became final in January of 2006 or about one year after the last date alleged in the superceding indictment. The movant argues that the imposition of deferred judgments[6] by the Iowa District Court in and for Linn County in March of 2003 does not subject her to a

---

[6] The court notes that, in Iowa, "the trial court may, upon a plea of guilty . . . [and w]ith the consent of the defendant, . . . defer judgment and . . . place the defendant on probation upon conditions as it may require." Iowa Code section 907.3(1) (2001). "'Deferred Judgment' means a sentencing option whereby both the adjudication of guilt and the imposition of a sentence are deferred by the [trial] court." Iowa Code section 907.1(1). Moreover, "[t]he [trial] court retains the power to pronounce judgment and impose sentence subject to the defendant's compliance with conditions set by the [trial] court as a requirement of the deferred judgment." *Id.*

6

mandatory minimum sentence of 240 months. *See State v. Trpkosh*, Case No. FECR047936 (Linn County Dist. Ct. 2003).[7]

The movant has neither overcome the strong presumption that the conduct of trial counsel fell within a wide range of reasonable professional assistance, *Strickland*, 466 U.S. at 689, nor shown that any deficiencies in trial counsel's performance prejudiced her defense, *id*. at 692-94. If counsel had raised this issue at any time prior to the date judgment entered against the movant, the court would have rejected it because the Eighth Circuit Court of Appeals has consistently treated suspended sentences for felony drug offenses as final convictions for purposes of 21 U.S.C. § 841(b)(1)(A). *See United States v. Davis*, 417 F.3d 909, 912-13 (8th Cir. 2005); *United States v. Slicer*, 361 F.3d 1085, 1086-87 (8th Cir. 2004); *United States v. Franklin*, 250 F.3d 653, 665 (8th Cir. 2001); *United States v. Ortega*, 150 F.3d 937, 948 (8th Cir. 1998); *see also United States v. Maxon*, 339 F.3d 656, 658-59 (8th Cir. 2003) (holding North Dakota conviction final under federal law despite state probation provision).[8] Given such conclusion, the court finds that the movant is not entitled to relief based on *Strickland*. Stated differently, the court concludes that counsel's failure to submit a futile argument does not constitute

---

[7] Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[8] Although it is clear that the Eighth Circuit Court of Appeals applies federal law to determine whether a conviction is final for purposes of 21 U.S.C. § 841(b)(1)(A), Iowa courts have determined that deferred judgment orders are "final." *See Schilling v. Iowa Dep't of Transp.*, 646 N.W.2d 69, 73 (Iowa 2002) (holding that a deferred judgment was a "final conviction" for purposes of a driver's license revocation statute); *State v. Martin*, No. 01-1525, 2002 WL 1767138, at *1-*2 (Iowa Ct. App. 2002) (concluding that a deferred judgment constituted a "conviction" under Iowa Code section 910.3B, a restitution statute which contained a mandatory restitution provision for certain convictions).

ineffective assistance. *Cf. Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) (concluding that counsel's decision not to raise issue unsupported by then-existing precedent did not constitute ineffective assistance).

### D. Certificate of Appealability

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying

constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claim that she raised in her 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because she does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If she desires further review of her 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's 28 U.S.C. § 2255 motion (Docket No. 3) is DENIED.

2) A certificate of appealability is DENIED.

**DATED** this 2nd day of May, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA